IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN G. BENNETT,

       Plaintiff,

v.                                               No. 16cv135 JAP/CG

GREG ABBOTT,
Governor of the State of Texas, and
KEN PAXTON,
Attorney General of the State of Texas,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

The Court considers *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed February 23, 2016 ("First Application"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 6, filed March 3, 2016 ("Second Application"), and Plaintiff's Complaint, Doc. 1, filed February 23, 2016. The Court will **GRANT** Plaintiff's Second Application, **DENY** Plaintiff's First Application **as moot**, and **DISMISS** Plaintiff's Complaint **without prejudice.** Plaintiff will have until May 5, 2016 to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Applications to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

When a district court receives an application for leave to proceed in forma pauperis,

> it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff filed his First Application using the Short Form. *See* Doc. 2. The Court notified Plaintiff that the Court now requires plaintiffs seeking to proceed without prepaying fees to use the Long Form and sent Plaintiff a Long Form Application. *See* Order to Cure Deficiency, Doc. 4. Plaintiff then filed his Second Application, *see* Doc. 6, but did not use the Long Form. The Court will consider Plaintiff's Second Application, despite not being a Long Form application, because it contains sufficient information for the Court to determine whether Plaintiff is unable to pay the fees and costs of these proceedings.

The Court will grant Plaintiff's Second Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff states that: (i) he makes $12.00/hour when work is available, and that he averaged $2,000.00/month during March through December, 2015; (ii) his monthly expenses are approximately $1,700.00; (iii) his bank accounts have been frozen by the Attorney

2

General of the State of Texas who asserts that Plaintiff owes over $115,000.00 in unpaid child support, *see* First Application 1, 3; and (iv) his current wife, whom he married in June 2015, makes $17.60/hour, pays her own bills, and is not obligated to pay his debts.  The Court finds that Plaintiff is unable to prepay the fees to initiate this action because his monthly expenses are approximately equal to his monthly income.[1]  Because it is granting Plaintiff's Second Application, the Court will deny Plaintiff's First Application as moot.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217.  The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.  *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion

---

[1] The Court finds that his monthly income of $2,000.00 is approximately equal to his monthly expenses of $1,700.00 because his hourly pay of $12.00/hour appears to be pre-tax, and because he indicates that he only gets paid when work is available.

based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff claims arise from the following alleged facts. *See* Complaint at 3-7. In 2014, Plaintiff was a party to a case tried in state district court in El Paso, Texas, regarding child support. *See* Complaint at 1. On February 13, 2016, the Office of the Attorney General of the State of Texas placed a lien on Plaintiff's bank accounts stating that as of February 12, 2016, Plaintiff "owes unpaid child support of $115,741.38." First Application at 3. Defendant Ken Paxton is the Attorney General of the State of Texas. Defendant Greg Abbott, the Governor of the State of Texas, was allegedly the Attorney General of the State of Texas at some time during the events giving rise to Plaintiff's claims. *See* Complaint at 1 (stating claims against "Greg Abbott then Attorney General of the State of Texas").

Plaintiff asserts the following claims: (i) Gross Negligence, because "on almost every document from the summons to the lien the information is incorrect, contradictory and falsified;" (ii) Slander, based on when Plaintiff called "the AG of Texas at the phone number on the lien. The lady there said, 'I don't think you pay any child support;'" (iii) Libel, based on the Attorney General submitting the lien notice with the allegedly incorrect amount of $115, 741.38 in unpaid child support; (iv) Fraud, based on the alleged fact that the Attorney General "made up" the $115,741.38 amount, "to support their own interest" related to Greg Abbott "flaunting his record as AG [part of which] was boasting about how much money, billions of dollars, he brought to the

women of Texas thru child support claims;" (v) Cruel and unusual punishment, based on the Attorney General bringng child support claims against Plaintiff in 2014, "three years after the last provision of my divorce decree," expecting Plaintiff to have documents dating to the "last century," and charging Plaintiff with back child support using "made up" numbers; and (vi) Insult to injury, based on the allegation that the actions of the Attorney General "have not helped my children but has made their lives more of a struggle and uncertain."  Complaint at 3-7.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").  Plaintiff asserts that the Court has diversity jurisdiction over this matter because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.  However, Plaintiff has not addressed the sovereign immunity of the State of Texas.  *See Seminole Tribe v. Florida,* 517 U.S. 44, 64 (1996) (holding that "state sovereign immunity limit[s] the federal courts' jurisdiction under Article III")

"Regarding the waiver of governmental immunity, it is an accepted and fundamental rule in Texas jurisprudence that the State of Texas, its agencies, and its officers may not be sued without the consent of the Texas legislature." *Mogayzel v. Texas Dept. of Transp.*, 66 S.W.3d 459, 464 (Tex. App. 2001).  Many of Plaintiff's claims are tort claims.  The Texas Tort Claims Act "waives the State's sovereign immunity in three areas: (1) use of publicly owned vehicles; (2) premises defect; and (3) conditions or use of tangible property . . . If a claim does not fall within one of these areas, the governmental entity remains immune from both suit and liability." *Id.*

5

Plaintiff's claims do not fall within any of the three areas for which Texas has waived its sovereign immunity.  Plaintiff's cruel and unusual punishment claim appears to assert that Defendants violated Plaintiff's civil rights by taking him to court for unpaid child support.  However, "a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case."  *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007).

Plaintiff has not met his burden of alleging facts that support jurisdiction and the Court's review of the Complaint and relevant law indicates that Defendants are immune from both suit and liability.  Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).  The Court will dismiss Plaintiff's Complaint without prejudice because Plaintiff did not meet his burden of alleging facts that support jurisdiction.  However, Plaintiff will be given an opportunity to file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Compliance with Rule 11**

While the Court will permit Plaintiff to file an amended complaint, he must do so consistent with Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

6

>**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).   Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.   *See* Fed. R. Civ. P. 11(c).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 states that:

>At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time because the Court is dismissing Plaintiff's Complaint.   The Court will order service if Plaintiff timely files an amended complaint that alleges facts which support jurisdiction, states a claim on which relief may be granted, and includes the addresses of every defendant named in the amended

complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 6, filed March 3, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed February 23, 2016, is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, Doc. 1, filed February 23, 2016, is **DISMISSED without prejudice,** but Plaintiff may file an amended complaint by May 5, 2016.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**